An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-159

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

    v.

                              Onslow County
                              No. 10CRS057151

ERIK SCHWENDEMAN,
    Defendant.

Appeal by defendant from judgments entered on or about 5 July 2013 by Judge William D. Parsons in Onslow County Superior Court. Heard in the Court of Appeals 11 August 2014.

> *Attorney General Roy A. Cooper III, by Special Deputy Attorney General Hilda Burnett-Baker, for the State.*

> *Russell J. Hollers, III, for defendant-appellant.*

STROUD, Judge.

Defendant Erik Schwendeman appeals from the judgments entered after a jury found him guilty of four counts of trafficking in cocaine and he pled guilty to having attained habitual felon status. Defendant contends the trial court committed plain error by admitting testimony that vouched for the credibility of a testifying informant. We find no error.

On 2 September 2009, a confidential narcotics informant contacted the Onslow County Sheriff's Department and told Detective Jeffrey Sanders that he was able to arrange the purchase of 1.25 ounces of cocaine from defendant for $1,500. The informant began cooperating with the Sheriff after his own arrest for crack cocaine possession. Major Jon Lewis testified that in vetting informants, officers attempted to corroborate other information they provided about narcotics activity to verify their reliability. This informant was deemed reliable because he was able to provide officers accurate information about other narcotics activity.

Officers outfitted the informant with video surveillance equipment and followed him to a mobile home park for the controlled buy. The informant arranged to meet defendant at the mobile home park, entered a trailer with defendant, and bought cocaine from another man, known to the informant as "Joe," while defendant was present. Defendant left the buy with the informant. The officers could not observe the informant while he was in the trailer, but they met with him a short time afterward and collected a bag containing the substance he purchased. The substance was tested and confirmed to be

cocaine. The video recording of the buy was played for the jury and confirmed defendant was present for the transaction.

The trial court instructed the jury on acting in concert as to each trafficking count, and the jury found defendant guilty of separate counts of trafficking in cocaine by possession, by sale, by delivery, and by transportation. Defendant pled guilty to having attained habitual felon status, and the trial court sentenced him to four concurrent terms of 135 to 171 months imprisonment. Defendant appeals.

In his sole argument on appeal, defendant contends the trial court committed plain error by permitting Major Lewis to testify about the informant's reliability, which he contends constituted vouching for his credibility in violation of N.C. Gen. Stat. § 8C-1, Rule 608 (2013). We disagree.

In cases where a defendant does not object to the admission of evidence, the appellate court must review for plain error. *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997); *see also* N.C.R. App. P. 10(a)(4). "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's

finding that the defendant was guilty." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations and quotation marks omitted). "Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]" *Id.* (citation and quotation marks omitted).

Here, defendant cannot satisfy the plain error standard. The evidence established that the informant arranged the buy through defendant and that defendant was present for the buy. Video evidence corroborated the informant's claim that defendant was present and the video was played for the jury. The jury was instructed on acting in concert as to each trafficking count. In light of all of that evidence, defendant cannot establish that the testimony he contends vouched for the informant's credibility had a probable impact on the outcome of the case. Accordingly, we do not find that the trial court committed plain error in admitting the testimony.

Moreover, "it is well established that the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character." *State v. Augustine*, 359 N.C. 709, 720, 616 S.E.2d 515, 525 (2005)

(citations and quotation marks omitted), *cert. denied*, 548 U.S. 925, 165 L.Ed. 2d 988 (2006). Further, we note that a defendant waives any objection to the admission of evidence if he elicits that same evidence on cross-examination without objection. *State v. West*, 202 N.C. App. 479, 484, 689 S.E.2d 216, 220 (2010) (citation omitted).

Here, defendant cross-examined Major Lewis extensively about the process of verifying the informant's reliability and elicited even more of the same testimony to which he now objects on appeal after failing to object to the admission of that testimony during Major Lewis's direct examination. Accordingly, defendant waived any objection to Major Lewis's testimony about the informant's reliability through the introduction of the same evidence on cross-examination.

NO ERROR.

Judges BRYANT and HUNTER, JR., Robert N. concur.

Report per Rule 30(e).